SOLOMON *et al. v.* DUNLAP-HUCKABEE AUTO COMPANY.

No. 8631.   April 16, 1932.   Rehearing denied May 12, 1932.

*D. Lee Churchwell,* for plaintiffs in error.

*Jones, Jones, Johnston & Russell,* contra.

Beck, P. J.   Dunlap-Huckabee Auto Company, hereinafter referred to as defendant, sold a Buick automobile to E. S. Stanley on April 16, 1928, at a consideration of $1440.   A retention-title contract was executed by Stanley, and was recorded in Bibb County on April 24, 1928, eight days after its execution.   Between the date of the execution and the date of record Steve M. Solomon Jr., one of the plaintiffs in error and hereinafter referred to as plaintiff, obtained a judgment against Stanley on April 18, 1928, on which execution was issued and recorded.   Thereafter Stanley became in arrears on his payments, and voluntarily surrendered the automobile to be held by defendant until Stanley could make arrangements to take care of the balance due thereon.   Stanley failed to make payment of the balance, and defendant notified Stanley in writing, on August 6 and August 16, 1928, of its intention to sell the automobile, under the exercise of its power in the retention-title contract, at public outcry before its place of business on August 20, 1928.   On that date, exercising the power given it under the retention-title contract, defendant offered the car for sale according to its notice and bought it in for $750, defendant being the highest of several bidders, and that amount being the fair market value, the balance due defendant at the time of sale being approximately $1100.   Thereafter defendant sold the automobile to J. R. Clements on August 30, 1928, at a consideration of $1321, which amount included repairs and handling charges amounting to $350, and defendant at that time warranted the title and took a retention-title contract from Clements, which was duly recorded on September 8, 1928.   On August 30, 1928, defendant trans-

ferred the retention-title papers and the indebtedness to the Georgia Finance Company; and while in this state of affairs the plaintiff's execution was levied on the automobile as the property of E. S. Stanley, on March 8, 1929. Defendant filed a claim in the municipal court of Macon on or before March 12, 1929, and on April 4, 1929, repurchased the papers transferred to the Georgia Finance Company and had the same satisfied of record on April 9. While the claim case was pending, defendant repurchased the automobile from Clements on November 28, 1929, at a consideration of $773, and on May 17, 1930, sold the automobile to William F. Quillian at a consideration of $1,000, giving a warranty of title, and Quillian is now in possession of the car.

On February 12, 1931, defendant filed its petition for injunction, setting out the above facts and asking for an order restraining Steve Solomon Jr., and W. C. Turlington as sheriff of the municipal court, from proceeding with the claim case and from selling the car under the execution; and at the same time asked that title be declared to be in Quillian, the present owner, free from the lien of said execution, so as to protect defendant's warranty. A temporary restraining order was granted. At the appearance term the plaintiff filed a general and special demurrer to the defendant's petition. The defendant, in response to the demurrer, filed an amendment which was allowed; and after argument an order was passed overruling the demurrer. No answer having been filed, an order was passed granting an interlocutory injunction. To these rulings Solomon excepted.

The court did not err in overruling the special demurrers. The special demurrers, so far as meritorious, were met by amendment. The contention that the retention-title contract signed by E. S. Stanley, covering the property under levy and in question in this case, was not entitled to record, and could not be considered because not entitled to record, is without merit. This contract is contained in Exhibit A attached to the petition, and has as an official witness, "P. D. Thomas, N. P., State at Large, Macon, Georgia, Bibb County." The letters and words, "N. P., State at Large," sufficiently indicate the official character of the witness, and will be regarded as prima facie sufficiently indicating that the witness whose signature was attached was a "notary public of the State at Large."

The proceeding under which the Dunlap-Huckabee Auto Com-

pany repossessed themselves of the automobile and sold it was authorized by the power contained in the title-retention contract, and the fact that this company was the purchaser at that sale did not render the same void, in the absence of a showing that a fraud was perpetrated. A different question as to the validity of the sale might be raised if the original purchaser of the automobile had contested the validity of the .sale on the ground that the seller could not become a purchaser. But Stanley is not attacking the sale as void, and there is no evidence of fraud. "Where a conditional bill of sale confers upon the vendor the power to sell the property on default of payment of the purchase-price, after notice to the vendee, and, on such default and after due notice, he sells the property as agent of the vendee, and himself becomes the purchaser, the sale to himself, if free from fraud, is not void, but only voidable at the option of the vendee. Before such a sale can be avoided, the vendee must tender payment of the debt secured by the property in question." *Pressley* v. *McLanahan,* 14 *Ga. App.* 366 (80 S. E. 902). "The general rule is that the mortgagee can not be a purchaser at his own sale under the power in the mortgage; but a purchase by him is not absolutely void, but voidable only at the instance of the mortgagor or the owner of the equity of redemption." *Payton* v. *McPhaul,* 128 *Ga.* 510 (58 S. E. 50, 11 Ann. Cas. 163). In *Wiggins* v. *Tumlin,* 96 *Ga.* 753 (23 S. E. 75), it was held: "The lien of a mortgage on personalty, given contemporaneously with the sale thereof to secure the purchase-money, is of superior dignity to that of a judgment rendered against the mortgagor prior to the purchase and the giving of the mortgage for the purpose stated; and if, after the maturity of the purchase-money debt thus secured, the mortgagor, without requiring a foreclosure of the mortgage, in good faith and without fraud of any kind returns the mortgaged property to his creditor in satisfaction of the mortgage debt, the fair value of the property not then being greater in amount than the purchase-money thus paid, the property in question is not, either in the hands of the mortgagee or of his subsequent vendee, subject to an execution founded on the judgment above mentioned." See also *Kidd* v. *Kidd,* 158 *Ga.* 546 (124 S. E. 45, 36 A. L. R. 798).

The general demurrer was properly overruled; for it is clear that the defendant in error had no adequate remedy at law. Questions

similar to those involved here were raised in *Solomon* v. *Bateman-Freeman Co.,* 171 *Ga.* 266 (155 S. E. 6). That case is a companion case to the one now before us. It involved the same execution, the same plaintiff in error, and the same controlling question, though the defendant in error was a different person and the automobile levied on was another car. It appears from the facts that Bateman-Freeman Company sold this automobile to E. S. Stanley, taking a retention-title contract. Stanley became in arrears and offered to return the car. Instead of taking the car back or exercising its power, the vendor and the vendee agreed that the vendee should sell the property to one Rogers, who assumed Stanley's obligation. The vendor warranted the title to the car to the subsequent purchaser. It further appeared in that case that at the time of this transaction there was no equity in the automobile on which Solomon's judgment could attach; and this court held as follows: "Bateman-Freeman Company had a retention-of-title contract which was duly recorded. Stanley had no equity in the property, inasmuch as the value of the machine was less than the balance of the purchase-price remaining unpaid at the time of the levy. The judgment in favor of Solomon, upon which the fi. fa. was based, had been rendered prior to the conditional sale to Stanley. The retention-of-title contract had been duly recorded; but if it had not been recorded, Solomon, the plaintiff in fi. fa., would not have obtained a lien good as against plaintiff's claim for the unpaid purchase-money. *Condor* v. *Holleman,* 71 *Ga.* 93. The machine being of less value than the balance of the purchase-price due, Stanley had no equity or interest in the property which was levied under the fi. fa. in favor of Solomon. Nor is the contention meritorious that petitioner had an adequate remedy at law. It had warranted the title to this machine, and because of that fact had such an interest as would entitle it to maintain a suit for injunction to protect it against any liability upon its warranty. It may be that the vendee of the automobile at the time of the. levy could have filed a claim, but it does not appear that this had been done, and equity will ascertain and settle the rights of all the parties in this one proceeding."

The court did not err in overruling the demurrers and in granting the interlocutory injunction.

*Judgment affirmed. All the Justices concur.*