MAXWELL *v.* PIERCE *et al.*

No. 11609. FEBRUARY 12, 1937.

*Clayton R. Baker,* for plaintiff in error.

*G. Maynard Smith,* contra.

JENKINS, Justice. The Code declares: "It shall be unlawful for any person, persons, or partnership to carry on, conduct, or transact any business in this State under an assumed, fictitious, or trade-name, or under any other designation, name, or style, other than the real name or names of the individual or individuals conducting or transacting such business, unless said person, persons, or partnership shall file, in the office of the clerk of the superior court in each county in which said person, persons, or partnership shall maintain an office or place of business, an affidavit signed by said person or persons, setting forth the full name or names and the address or addresses of the true owner or owners of said business." § 106-301. "Any violation of Chapter 106-3 . . shall be a misdemeanor." § 106-9906. The statute prohibits any persons or partnership, operating under an unregistered trade-name, from carrying on a "business" in this State. A business so conducted is not malum in se. Since the statute imposes a hitherto unrecognized restriction upon the right to contract, its terms will be strictly construed. The evident purpose of the law is to enable persons making contracts with those trading under a fictitious trade-name to know with whom they are dealing. To hold that persons who have acquired and hold property under an unregistered trade-name are at the mercy of any stranger who might care to seize it would in effect be to declare such property contraband. The statute does not prohibit ownership of property by persons who may have acquired title under a trade-name that has not been registered. To prevent assertion of the title so held, against a trespasser who might see proper to seize it, would

amount to legalizing a crime malum in se, in order to suppress an extension of the prohibition embodied in a statute aimed at an evil not malum in se. All of the cases cited in the certified questions involved an action on a contract prohibited by the statute, and are therefore not in point. The first certified question is answered in the affirmative.

It appears from the questions certified that the alleged tort-feasor is a total stranger to the title, and the foregoing discussion is necessarily based upon that theory. If it had appeared that the alleged tort-feasor is in such privity with the maker of the bill of sale as to stand in his shoes with respect to an attack upon such instrument, another and different question would be presented. As to that question, no opinion or intimation is expressed at this time, for the reason that it is not involved under the questions propounded.

*All the Justices concur, except Russell, C. J., not participating.*