SOUTHERN SECURITY CO. *v.* AMERICAN DISCOUNT CO.

No. 11533. MARCH 12, 1937.

*Robert T. Efurd* and *Mose S. Hayes,* for plaintiff in error.
*Carter, Carter & Johnson,* contra.

BELL, Justice. The Court of Appeals certified the following questions:

"1. Do the provisions of the act of 1929 (Ga. L. 1929, p. 233; Code, §§ 106-301—106-304) abolish the right of a holder in due course, as defined by the Georgia negotiable-instruments law (§ 14-502), to maintain an action on a negotiable instrument executed after the passage of the 1929 act and its codification, which instrument, without any knowledge or notice on the part of the holder, had been transferred to him by the payee having taken such instrument in his trade-name which had not been registered in compliance with the requirements of the Code, §§ 106-301 et seq.?

"2. Are the provisions of the act relative to the unlawful use of fictitious or trade-names (Ga. L. 1929, p. 233; Code, §§ 106-301—106-304) applicable to an action for conversion (an action of tort) in such manner as to prevent the holder in due course of a note and title-retention contract securing its payment from

maintaining an action for wrongful conversion of the property to which title is retained, when such note and contract had been transferred and assigned for value to such holder, before maturity, by the payee, who had taken the same in his trade-name which had not been registered in compliance with the requirements of said Code sections?

"3. Is non-compliance with the requirements of Code sections 106-301—106-304 available as a defense, in a case where such non-compliance exists, without having been specially pleaded?"

The first and second questions are answered in the negative, on authority of *Peoples Loan & Finance Corporation* v. *Latimer,* 183 *Ga.* 809 (189 S. E. 899), and *Maxwell* v. *Pierce,* 183 *Ga.* 856 (189 S. E. 847). See also *Smith* v. *Wood,* 111 *Ga.* 221 (36 S. E. 649); 8 C. J. 243, 766-769, §§ 383, 1032, 1033. When all of the questions are considered together, it seems that instructions upon the third and last question will not be desired, in view of the negative answers given to the other two. Accordingly, no answer is made to the third question.

*All the Justices concur, except Russell, C. J., who dissents.*