18634. SMITH *et al. v.* HOSPITAL AUTHORITY OF HALL COUNTY AND CITY OF GAINESVILLE *et al.*

ARGUED JUNE 16, 1954—DECIDED JULY 13, 1954—REHEARING DENIED JULY 27, 1954.

*Kenyon, Kenyon & Gunter,* for plaintiffs in error.

*Dunlap & Dunlap, Spalding, Sibley, Troutman & Kelley, Griffin B. Bell, Pope B. McIntire,* contra.

CANDLER, Justice. On April 1, 1949, the Hospital Authority of Hall County and City of Gainesville issued and sold revenue-anticipation certificates in the principal amount of $250,000, and used the proceeds for the purpose of financing in part the construction of a hospital and related facilities at Gainesville, Georgia. On February 10, 1954, it found, and by resolution declared, that its hospital and related facilities were inadequate and that it was necessary, because of such inadequacy, to make additions and improvements to its hospital in accordance or substantially in accordance with plans and specifications on file in its Gainesville office, the cost of which would approximate $350,000; and for the purpose of making such additions and improvements and also redeeming outstanding revenue-anticipation certificates, series 1949, amounting in principal to a balance of $238,000, its members voted unanimously in favor of a resolution to issue a new series of revenue-anticipation certificates in the principal amount of $600,000. It also entered into a thirty-year contract with the Board of Commissioners of Roads and Revenues of Hall County, and by the terms of the contract agreed to care for, maintain, and hospitalize Hall County's indigent sick during the full contract period; and for such services the Board of Commissioners agreed and obligated Hall County to pay it an annual amount, in equal monthly instalments, sufficient to pay off and retire its revenue-anticipation certificates, series 1954, as they matured, both as to principal and interest, as well as an additional monthly amount sufficient to assure the continuous operation of the Authority and to provide reasonable reserves for

the operation of the facilities and services of the Authority. The contract was made and entered into between the parties under and in virtue of the provisions of the Hospital Authorities Act of 1941 (Ga. L. 1941, p. 241); the provisions and powers contained in article VII, section VI, paragraph I (a, b, c) of the Constitution of 1945; and the provisions and powers contained in a further amendment to article VII, section VII, paragraph I, of the Constitution of 1945 as ratified on November 7, 1950, which relates to and affects only the City of Gainesville and Hall County. After he had been notified of the aforesaid resolution and contract, the Solicitor-General of the Northeastern Judicial Circuit filed a proceeding in the Superior Court of Hall County against the Hospital Authority of Hall County and City of Gainesville and also against Hall County to validate the certificates and the contract between the Authority and the Board of Commissioners and to confirm the security which was pledged for the payment of the certificates. A copy of the resolution providing for the certificates and a copy of the contract between the Authority and the Board of Commissioners was attached to and by reference made a part of the petition. The defendants filed verified answers admitting all allegations in the petition. The judge, on February 20, 1954, after hearing evidence, validated the certificates and the contract, and in validating the contract thereby confirmed the security pledged for the payment of the certificates. No exception was taken to this judgment.

On March 27, 1954, Smith, Dean, and Kleckley, as citizens and taxpayers of Hall County, filed an equitable proceeding in Hall County against the Hospital Authority of Hall County and City of Gainesville and against McConnell, Abercrombie, and Blackstock, as the members of the Board of Commissioners of Roads and Revenues of Hall County. Their petition, insofar as it need be stated, in substance alleges: The Hospital Authority of Hall County and City of Gainesville has by resolution declared that the erection of a doctors' building, in which office space will be leased to private practitioners of the medical profession for the purpose of practicing medicine therein, is necessary for the efficient operation of its existing hospital; and the Authority is proceeding with plans to build and will build a doctors' building using for that purpose $362,000 which it will

receive from a sale of its series 1954 revenue-anticipation certificates which were validated on February 20, 1954, and five-year leases for space in said building have already been executed between the Authority and certain doctors in Hall County. An expenditure of $362,000 from the funds, which will arise from a. sale of the validated revenue-anticipation certificates, will not be for an essential governmental purpose and will for that reason be illegal and in contravention of the Constitution of Georgia. The doctors' building which the defendant Authority intends to construct will not provide medical care or hospitalization for the indigent sick of Hall County within the meaning of the Hospital Authorities Act of 1941, nor within the meaning of the contract which the Board of Commissioners has made and entered into with the Authority for the care, maintenance, and hospitalization of Hall County's indigent sick. A doctors' building is not a project or purpose for which revenue-anticipation certificates may be issued under section 2 (d) of the Hospital Authorities Act of 1941, and the Authority does not have legal power to declare a doctors' building, in which space will be leased to private individuals for the purpose of practicing their profession therein, as being necessary for the efficient operation of its hospital. Any payment or payments which the Board of Commissioners may make to the Authority for the purpose of constructing a doctors' building will either be a misappropriation of public funds or entail upon the county or its taxpayers the expense of litigation with persons who may hold claims against the county under the terms of said contract. The land on which the Authority intends to construct a doctors' building was acquired by it in an exercise of its right of eminent domain and the use of it as a location for a doctors' building in which space is to be leased to private individuals will not be a public use of it, but an illegal use. By constructing and operating a doctors' building, the Authority will be in competition with the plaintiff Smith and other citizens of Hall County who own office buildings and rent space therein to private individuals, and such competition is illegal and in contravention of the Georgia Constitution of 1945.

Besides for process and service, the prayers of the petition are: that the defendant Authority be temporarily restrained and

permanently enjoined from issuing or selling any revenue-anticipation certificates or expending any of the funds derived therefrom for the purpose of constructing, operating, and maintaining a doctors' building; that the defendant Board of Commissioners be temporarily restrained and permanently enjoined from levying any tax and disbursing any county funds which are to be used in financing the construction, operation, and maintenance of a doctors' building by the defendant Authority; and that general relief be granted to the petitioners.

The defendants pleaded the validation and confirmation judgment which the court rendered on February 20, 1954, as a defense in bar of the plaintiff's action. By consent, the court tried the issue raised by the special plea without the intervention of a jury, and after hearing evidence sustained the special plea in bar and dismissed the plaintiff's suit. The exception is to that judgment.

We do not construe the petition to be an attack on the validity of the judgment which was rendered on February 20, 1954, validating the revenue-anticipation certificates here involved and confirming the security pledged for their payment; but, as we view the petition, the plaintiffs seek only to prevent an unauthorized and illegal expenditure of the funds which will be derived from a sale of the certificates. The certificates, as the record shows, were issued and validated, (1) for the purpose of redeeming outstanding certificates which the Authority issued in 1949, amounting in principal to a balance of $238,000, and (2) for the purpose of making additions and improvements to an existing inadequate hospital and related facilities; and it is well settled that they cannot be used for any purpose other than the one for which they were issued and validated. *Walker* v. *Wheeler*, 210 *Ga.* 432 (80 S. E. 2d 691), and citations. When revenue-anticipation certificates are provided for and validated for a particular purpose, the proceeds thereof constitute a trust fund which cannot be diverted from such purpose and applied to some other purpose. See, in this connection, *Marks* v. *Richmond County*, 165 *Ga.* 316 (140 S. E. 880). Under the Hospital Authorities Law of 1941 (Ga. L. 1941, p. 241; Code, Ann. Supp., § 99-1502), revenue-anticipation certificates may be issued, validated, sold, and the proceeds used to finance the cost of con-

structing and equipping hospitals, sanitariums, dormitories, clinics, housing accommodations or other public buildings for the use of patients, officers, and employees of any institution under the supervision and control of any hospital Authority, and all utilities and facilities deemed by the Authority necessary or convenient for the efficient operation thereof; but when such certificates are issued for the purpose of financing any one of these enumerated projects, they cannot be used to finance a different project, though it be also an authorized one. Accordingly, the validation and confirmation judgment of February 20, 1954, is no defense in bar of the plaintiffs' action.

*Judgment reversed. All the Justices concur.*