20940. MIDDLETON *et al.* v. MOODY.

CANDLER, Justice. The Democratic Executive Committee of Brantley County held a primary election on February 16, 1960, for the purpose of nominating its candidates for county offices, including the office of superintendent of schools.

Herschel W. Herrin and Mrs. Mable Moody were the two candidates for such school office. A consolidation of the returns showed that Herrin received 1333 votes and Mrs. Moody 1326, and Herrin was declared to be the party's nominee. On February 18, 1960, and within 48 hours after such consolidation and declaration, Mrs. Moody demanded a recount of the ballots, basing her right to do so on the provisions of section 3 of an act which was passed in 1941 (Ga. L. 1941, p. 432). Pursuant to and in compliance with section 5 of such act, a recount committee was selected and notified of her demand. Such committee assembled on February 23, 1960, and publicly recounted the votes cast in the election for such school office. The recount showed that Herrin received 1329 votes and Mrs. Moody 1330, and a majority of the recount committee, which included Judge Douglas F. Thomas, filed a report showing the vote or the result of the election to be such and declared Mrs. Moody to be the party's nominee for such school office. Subsequently and on March 15, 1960, Herrin filed a contest with the executive committee, in which he alleged that three named persons who were not qualified electors voted in the election; that they voted for Mrs. Moody; that their votes should be deducted from the total vote received by her; and that he did not know they were ineligible to vote in the election or voted for Mrs. Moody until after the recount committee had acted and filed its report. The contest was heard at Herrin's home on March 28, 1960, with 9 of the 16 members of the executive committee present. After hearing the contestant's evidence, the executive committee found that Mrs. Moody received 1327 votes and Herrin, 1329, and Herrin was declared to be the party's nominee. Respecting such contest and hearing, it was stipulated that 7 members of the executive committee, including the chairman, had no notice or knowledge of it, and consequently did not participate in the hearing, and the record is completely silent as to any notice or knowledge which Mrs. Moody had concerning such contest or hearing. On March 10, 1960, Mrs. Moody brought mandamus against J. B. Middleton and 15 other persons, as the Chairman and members respectively of the Democratic Executive Committee of Brantley County, and prayed that they be required to adopt, promulgate, and publish the report of the recount committee and certify her name to the proper officials, including

the Ordinary of Brantley County, as the party's nominee for such school office. She also named Herschel W. Herrin as a party defendant. Her petition alleges the facts stated above, and attaches thereto, as an exhibit, a copy of the report of the recount committee, which is by reference made a part of her petition. The defendant Herrin and a majority of the other defendants demurred generally on the ground that the "petition is unconstitutional and in violation of § 1-815 of the Code of Georgia (Article 14 of the Constitution of the United States), because said petition seeks to abridge the privileges and immunities of defendants as private citizens"; and also on the ground that the petition seeks to compel performance of a private duty by the writ of mandamus in violation of § 64-101 of the Code of Georgia, which provides that the writ of mandamus shall lie to compel performance of official duties. Their demurrers were overruled, and there is an exception to that judgment. Nine of the defendants filed a plea in bar, and averred that they, as members of the Executive Committee of Brantley County, had on March 28, 1960, heard a contest filed by Herschel W. Herrin to "the results of the recount committee," and had found that three named persons who voted for Mrs. Moody in such primary election were not qualified voters, a fact of which he had no knowledge when the recount committee acted; that such three votes should be deducted from the total number of votes received by Mrs. Moody; that, after deducting the three votes so illegally cast for her, the contestant (Herrin) had a majority of the votes cast in such election; that they had certified the result of such primary election, as found and determined by them, to the proper authorities; and that, in consequence of such a finding, adjudication, and certification by them, the mandamus proceeding had become moot. To such plea the plaintiff (Mrs. Moody) demurred and moved to strike it on the ground that it set forth no fact or facts in bar of the relief sought by her mandamus petition. Her motion was sustained, and there is an exception to that judgment. A majority of the defendants answered the petition and averred that the plaintiff was not entitled to any of the relief sought by her mandamus petition. They also averred that Mrs. Moody had not by proper and regular action of the executive committee been declared the party's

nominee for the office of County School Superintendent of Brantley County.

On the trial, and after hearing oral and documentary evidence, the court granted a mandamus absolute and ordered the defendants, other than Herrin, by resolution to adopt, promulgate, publish, and certify the report of the recount committee, which found and declared Mrs. Moody to be the party's official nominee for the office of superintendent of schools to the proper authorities, including the Ordinary of Brantley County, and to include in such resolution a provision to the effect that a prior resolution adopted by the Democratic Executive Committee of Brantley County, Georgia, on March 28, 1960, which declared Herrin to be the party's nominee, had been superseded, revoked, and declared to be null and void. The defendants also excepted to this judgment. The case came to this count on a direct bill of exceptions. *Held:*

1. There is no merit in the contention that the trial judge erred in overruling the defendants' demurrers to the mandamus petition. By those demurrers the pleader evidently sought to draw in question the validity of the recount act of 1941 (Ga. L. 1941, p. 432), or some part thereof, but they are wholly insufficient to accomplish that result. See *Dade County v. State of Georgia,* 201 Ga. 241 (39 S. E. 2d 473), and the cases there cited. It is a grave matter for this court to declare void an act of the co-ordinate legislative department, and it will not do so on such a vague and indefinite attack as the one here made. *Savannah F. & W. Ry. Co. v. Hardin,* 110 Ga. 433 (35 S. E. 681); *Stegall v. Southwest Ga. Regional Housing Authority,* 197 Ga. 571, 582 (30 S. E. 2d 196).

2. No contention is made in this case that the provisions of the recount act of 1941 are not available to Mrs. Moody, who was a candidate in a democratic primary election for the office of Superintendent of Schools of Brantley County, or that she failed to comply with any of the requirements of the act in making her recount demand in that particular race. But it is contended that the recount committee, which was appointed in strict compliance with the provisions of the act, was without power to act in the premises since it did not meet within 48 hours after being appointed. We do not think this position is sustainable. While section 6 of the act does provide that the members of the recount committee shall meet within 48 hours after their appointment, and proceed

publicly with the recount of the ballots cast in any such election where a recount has been demanded, yet section 4 of the act requires the executive committee of the party holding such primary or the chairman thereof to fix a time and place for conducting such recount, and give all candidates affected by such demand not less than forty-eight hours' notice of the time and place thereof. Code § 102-102 (6), also declares: "A substantial compliance with any requirement of the Code, or laws amendatory thereof, especially on the part of public officers, shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by the enactment." The rule announced in *Horkan v. Beasley*, 11 Ga. App. 273 (75 S. E. 341) and followed in *O'Neal v. Spencer*, 203 Ga. 588 (47 S. E. 2d 646), and the several other cases decided by this court as there cited, is that, "Where a statute directs the doing of a thing in a certain time, without any negative words restraining the doing of it afterwards, generally the provision as to time is directory, and not a limitation of authority; and in such case, where no injury appears to have resulted, the fact that the act was performed after the time limited will not render it invalid." So tested, the provision of the act requiring the recount committee to meet within 48 hours after being appointed for the purpose of publicly recounting the ballots is directory only, and not a limitation of its authority or power to act thereafter.

3. It is argued that the action which a majority of the party's executive committee took on March 28, 1960, respecting a contest filed by Herrin superseded and vacated the prior findings and report of the recount committee. There is no merit in this. Section 7 of the recount act in part provides: "At any such recount of the ballots made by the aforesaid committee constituted as aforesaid, the said committee shall have the right to determine whether any ballot recounted was legally cast by a duly qualified elector and voter of said county, and if such committee should determine that any ballot was illegally cast, said committee shall have the right to throw out and not count the said ballot in determining the final result of such recount." And section 12 also declares: "The report and findings of such committee on such recount shall be final, and shall be adopted, promulgated, published

and certified as such by the authority of the political party under whose jurisdiction the said primary election has been held." And since the findings and report of the recount committee are therefore final and conclusive as to all questions respecting the validity of such a primary election, any subsequent attempt by the party's executive committee to entertain and hear a contest between the parties involved in such recount is an absolute nullity for want of authority to do so.

4. When the executive committee or other authority conducting and holding a primary election for the nomination of its candidates fails or refuses to adopt, promulgate, publish, and certify to the proper authorities the findings and report of a recount committee, then the candidate for such office whose rights may be affected by such failure or refusal has a right, under section 14 of the recount act, to proceed by mandamus to enforce the findings and report of such committee, and the same section of the act expressly confers jurisdiction on the superior courts of this State to hear and determine the cause, notwithstanding the political nature of the controversy. Hence, there is clearly no merit in the contention that mandamus is not a remedy which the plaintiff can maintain for the enforcement of her political rights.

5. A judgment requiring the defendants, other than Herrin, to adopt, promulgate, publish and certify the findings and report of the recount committee to the proper authorities was demanded by the evidence in this case.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 14, 1960—DECIDED JULY 7, 1960—REHEARING DENIED JULY 19, 1960.

*Adams & Mattox, Ronald F. Adams, Robert Henry,* for plaintiffs in error.

*Memory, Barnes & Memory, S. F. Memory, Jr.,* contra.