26022. DAUGHTREY et al. v. STATE OF GEORGIA.

ARGUED SEPTEMBER 15, 1970—DECIDED OCTOBER 8, 1970.

*M. Dale English*, for appellants.

*Gambrell & Mobley, John H. Mobley, Vickers Neugent, District Attorney, Virgil Griffis, Roy Benton Allen, Jr., Jack Carter*, for appellee.

*Jones, Bird & Howell, Trammell E. Vickery*, for party at interest not party to record.

MOBLEY, Presiding Justice. The State of Georgia filed its petition in Cook Superior Court against Cook County and the Hospital Authority of Cook County, Georgia, praying for the validation of revenue certificates. Cook County and the Hospital Authority filed their answers thereto, and the intervenors in the case, appellants here, filed their objections to the validation of the certificates. After hearing, the trial court entered its order confirming and validating the certificates, overruling the appellants' objections and dismissing their intervention. The appeal is from that order.

Appellants allege that the court erred in overruling objections raised by them, and in entering its order validating the bonds, "for the reason that the results of said order contravenes and violates the Constitution of the State of Georgia."

■ Appellants in their brief state that the issue raised by the enumeration of errors is: "Does the Constitution of the State of Georgia permit a hospital authority to have validated and issue certain revenue anticipation certificates for the purposes of adding to and improving its facility?"

They contend that the Constitution, Art. VII, Sec. VII, Par. V (*Code Ann.* § 2-6005) limits the issuance of certificates by counties, municipalities, and political subdivisions to those undertakings authorized and enumerated by the Revenue Certificate Law of 1937, as amended by an Act approved March 14, 1939, and that these undertakings do not include hospitals. In a later brief the appellants concede that *Code Ann.* § 2-6005 applies only to counties, municipal corporations, or political subdivisions of the State, and that if the "Hospital Authority of Cook County, Georgia" is a State authority, then the restrictions of *Code Ann.* § 2-6005 do not apply. We agree with this position.

By Ga. L. 1964, pp. 499, 599, as amended by Ga. L. 1965, p. 347 (*Code Ann.* § 88-1803), the General Assembly created in and for each county and municipal corporation in the State "a public body corporate and politic to be known as the 'Hospital Authority' of such county or city." This court in *Sigman v. Brunswick Port Authority,* 214 Ga. 332 (3) (104 SE2d 467), held that *Code Ann.* § 2-6005 applies only to counties, municipalities, or other political subdivisions of the State, and not to the State or State Authorities such as Hospital Authorities, etc. See also *Hospital Authority of Albany v. Stewart,* 226 Ga. 530, 537 (175 SE2d 857), where this court held: "The Authority holds title only for the benefit of the State and the public, and the Authority is an instrumentality of the State or a subordinate public authority or corporation of the State"; and *Bradfield v. Hospital Authority of Muscogee County,* 226 Ga. 575 (176 SE2d 92).

Accordingly, the issuance of revenue certificates for improvements and additions to the Hospital Authority of Cook County, Georgia, does not contravene the constitutional provision (*Code Ann.* § 2-6005).

■ The next question presented is whether the Constitution, Art. VII, Sec. VI, Par. I (*Code Ann.* § 2-5901) and the Hos-

pital Authorities Law (Ga. L. 1964, pp. 499, 598; *Code Ann.* § 88-1801 et seq.) authorize the county and the Hospital Authority to enter into contracts as therein provided; and, if so, whether the contract entered into by and between Cook County and the Hospital Authority of Cook County is valid, binding, and constitutional under the terms and provisions of the contract.

The Constitution, Art. VII, Sec. VI, Par. I (*Code Ann.* § 2-5901 (c)) specifically grants to any city, town, municipality, or county of this State the authority to contract with any public agency, public corporation or authority for the care, maintenance and hospitalization of its indigent sick, and as a part of such contract to obligate itself to pay for the cost of acquisition, construction, modernization, or repairs of necessary buildings and facilities by such public agency, public corporation or authority from revenues realized from any taxes authorized by the Constitution of this State or revenues derived from other sources.

As to whether the contracts are valid and constitutional, this court in *DeJarnette v. Hospital Authority of Albany*, 195 Ga. 189 (23 SE2d 716), upheld the constitutionality of the "Hospital Authorities Law" of 1941, and the issuance of Hospital Authority revenue certificates thereunder. See also *Sheffield v. State School Building Authority*, 208 Ga. 575 (68 SE2d 590); *Bradfield v. Hospital Authority of Muscogee County*, 226 Ga. 575, supra.

Under the Constitution, Art. VII, Sec. VI, Par. I (*Code Ann.* § 2-5901), Cook County and the Hospital Authority were authorized to contract that the Authority will furnish certain services and facilities to the county, in consideration of which the county is to make payments to the Authority in amounts sufficient to pay the principal and interest on the hospital revenue certificates. The hospital revenue certificates are authorized to be issued under the valid and constitutional provisions of *Code Ann.* § 88-1801 et seq. The county and the Authority were authorized to enter into the contracts, and the contracts are not subject to the attacks made upon them.

*Judgment affirmed. All the Justices concur.*