### 29195. PETTY v. HOSPITAL AUTHORITY OF DOUGLAS COUNTY et al.

HALL, Justice.

This is an appeal from an order of the Douglas County Superior Court validating $940,000 in principal amount of revenue anticipation certificates for the purpose of constructing a medical office building complex contiguous to new hospital facilities being constructed by the Hospital Authority of Douglas County. The petition alleges that "the County and the Authority . . . determined that the medical care and services to be offered by said hospital facilities of the Authority would be enhanced and improved by the prompt construction of a medical office building complex contiguous to the new hospital facilities so as to (1) attract doctors to the community by providing convenient office facilities, (2) insure maximum public use of said hospital facilities, (3) insure a higher degree of utilization of specialty equipment in the new hospital, such as x-ray and laboratory facilities, and (4) insure that adequate professional medical care is accessible and readily available to the hospital on an emergency basis." The appellant intervened and objected to the validation on the ground (1) that the proposed medical office building

complex is not a public purpose for which the certificates may be issued under the Constitution and laws of the State of Georgia, and (2) that on this same ground the tax exemption granted by the Hospital Authorities Law for this complex is also unconstitutional.

The question of what constitutes a public purpose under the Constitution of Georgia is ultimately a judicial one for this court. *Smith v. State,* 222 Ga. 552 (150 SE2d 868); *Tift v. Atlantic C. L. R. Co.,* 161 Ga. 432 (131 SE 46). However, it must be remembered that the "legislature is absolutely unrestricted in its power to legislate, so long as it does not undertake to enact measures prohibited by the State or Federal Constitution." *Sears v. State of Ga.,* 232 Ga. 547, 554 (208 SE2d 93). Also every presumption will be made in favor of the constitutionality of an Act of the legislature, and before an Act will be declared unconstitutional, the conflict between the Act and the fundamental law must be clear and palpable. *Nash v. National Preferred Life Ins. Co.,* 222 Ga. 14, 17 (148 SE2d 402). This presumption of validity is more than a pious formula to be sanctimoniously repeated at the opening of an opinion and forgotten at the end. It is fortified by the principle that absent a debilitating constitutional flaw in the Act, this court must effectuate the common will expressed in the purpose of the legislation. To go beyond this and review with a hostile eye or an adverse mind is to usurp a power which our Constitution has lodged in our legislature.

The constitutional authorization for enactment of the Hospital Authority Law (Code Ann. Ch. 88-18) is found in Art. VII, Sec. VI, Par. I of the Constitution which provides that "any city, town, municipality or county of this State, or any combination of the same, may contract with any public agency, public corporation or authority for the care, maintenance and hospitalization of its indigent sick, and may as a part of such contract obligate itself to pay for the cost of acquisition, construction, modernization or repairs of *necessary buildings* and facilities by such public agency, public corporation or authority and provide for the payment of such services and the cost to such public agency, public corporations or authority of acquisition, construction, modernization

or repair of buildings and facilities from revenues realized by such city, town, municipality or county from any taxes authorized by the Constitution of this State or revenues derived from any other sources." Code Ann. § 2-5901(c); *Daughtrey v. State,* 226 Ga. 758 (177 SE2d 670). The Hospital Authorities Law, as amended in 1973, authorizes the sale of revenue anticipation certificates for the purpose of paying for the cost of constructing "hospitals, sanitariums, dormitories, *office buildings,* clinics, housing accommodations, nursing homes, rehabilitation centers, extended care facilities and other public health facilities for use of patients and officers and employees of any institution under the supervision and control of any hospital Authority or leased by the hospital Authority for operation by others to promote the public health needs of the community and all utilities and facilities deemed by the Authority necessary or convenient for the efficient operation thereof." Code Ann. § 88-1802. We hold that an office building used and operated as provided in the above law is for a public purpose and that the Act is constitutional. *Daughtrey,* supra. We also hold that the reasons stated by the county and the authority are sufficient to show that the office building is a valid public purpose in promoting the public health needs of Douglas County.

*Smith v. Hospital Authority,* 210 Ga. 801 (82 SE2d 827), cited by appellant in support of her contention, is inapposite here for the reason that at the time of that decision the Hospital Authorities Law did not include "office buildings" as a permissible project for which revenue anticipation certificates could be issued.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 6, 1974 — DECIDED OCTOBER 25, 1974.

*William O. Green,* for appellant.

*John T. Perren, District Attorney, Harold A. Lane, King & Spalding, Robert L. Steed, Ruth West Garrett,* for appellees.