## 31757. BRYAN v. GEORGIA PUBLIC SERVICE COMMISSION et al.

HALL, Justice.

This is an appeal from an order and judgment of the Superior Court of Fulton County declaring the Consumers' Utility Counsel Act (Ga. L. 1975, p. 372 et seq.; Code Ann. Ch. 93-3A) "inoperative and void for uncertainty and indefiniteness in meaning" and dismissing appellant's cause of action.

The Consumers' Utility Counsel Act (hereinafter referred to as Act) provides for the appointment of a state-paid lawyer who is entitled to appear, as a party or otherwise, on behalf of consumers of services provided by any utility subject to the jurisdiction of the Georgia Public Service Commission (hereinafter referred to as Commission), and on behalf of the public of the state, in all proceedings involving or affecting utility rates before the Commission, other administrative agencies, or the courts.

Appellant was appointed to this position on July 1, 1975. In his official capacity as Consumers' Utility Counsel, appellant filed suit on September 29, 1975 against the appellees (the Commission, its individual

members, and the Savannah Electric and Power Company (hereinafter referred to as SEPCO)), questioning certain actions and procedures of the Commission pursuant to an application for rate increase by SEPCO and seeking injunctive relief against SEPCO's increased rates. In addition to filing its answer to appellant's suit, SEPCO filed a counterclaim, contending that the Act is unconstitutional, void and unenforceable and that the appellant should be enjoined from exercising the duties of the Consumers' Utility Counsel and receiving a salary therefor. Following a hearing on the merits of SEPCO's counterclaim, the Act was held to be inoperative and void for uncertainty and indefiniteness because of the "lack of definition of terms, procedures, authority, duties and responsibilities" in the Act; appellant's cause of action was dismissed; and appellant was enjoined from exercising any duties or acts of his office and accepting any further salary under the Act (the injunction has been suspended pending appeal). Appellant appeals this order and judgment. We reverse.

The inherent powers of the Georgia General Assembly are plenary. Unlike the United States Congress, which has only delegated powers, the Georgia legislature is given full lawmaking powers. Code Ann. § 2-1920; *Sears v. State of Ga.*, 232 Ga. 547, 553 (208 SE2d 93) (1974). "The legislature is absolutely unrestricted in its power to legislate, so long as it does not undertake to enact measures prohibited by the State or Federal Constitution." Id. at 554. Because the legislature has plenary legislative powers, there is a strong presumption in favor of the constitutionality of a statute. *Park v. Candler,* 114 Ga. 466 (12) (40 SE 523) (1901).

Theoretically the Public Service Commission is to act in a legislative capacity in the name of the state to regulate utilities for the benefit of all citizens, both producers and consumers. Traditional litigation in utility rate matters has been between the Commission and a utility company. In recent times, however, consumers have begun to challenge utility rates. See, e.g., *Allied Chemical Corp. v. Ga. Power Co.,* 236 Ga. 548 (224 SE2d 396) (1976); *Ga. Power Co. v. Allied Chemical Corp.,* 233 Ga. 558 (212 SE2d 628) (1975). Acting apparently out of

concern and because of problems illustrated by cases such as those referred to above, the Georgia General Assembly enacted the Consumers' Utility Counsel Act to provide a state-paid attorney to act in the consumers' and public's interest in virtually any matter involving a regulated public utility. As a full lawmaking body the General Assembly had the authority to provide for such an advocate to challenge actions taken by the Public Service Commission, so long as the legislation did not go beyond the bounds of the State or the Federal Constitution.

It is a general principle of statutory law that a statute must be definite and certain in its provisions to be valid. When a statute is "so vague and indefinite that men of common intelligence must necessarily guess at its meaning and differ as to its application, it violates the first essential of due process of law." *City of Atlanta v. Southern Railway Co.,* 213 Ga. 736, 738 (101 SE2d 707) (1958). A civil statute will withstand an attack of vagueness or indefiniteness if it provides fair notice to those to whom the statute is directed and enables one to determine from the provisions of the Act what the legislative intent was in enacting the Act. *Southern R. Co. v. Brooks,* 112 Ga. App. 324, 327 (145 SE2d 76) (1965). We have reviewed the Act and find that these two criteria have been met. The Act contains sufficient information to ascertain the authority, duties and responsibilities of the Consumers' Utility Counsel so as to give fair notice to everyone concerned with the Act of the nature of the Counsel's position. The legislative intent is clear. Counsel is to be notified of all matters before the Commission and is entitled to appear and participate in those matters. Counsel is to appear "on behalf of" (i.e., in the interest of, as the representative of, or for the benefit of) Georgia utility consumers and the public in all proceedings affecting utility rates. Although Counsel is given no direction under the Act as to which matters he must or should pursue, he is entitled to appear and participate in all utility rate matters before the Commission, other administrative agencies, and the courts. We find that such discretionary decisions are not unlike those faced by other governmental entities based on the relative merits of a given case and the time and resources available, and

do not find the Act void for vagueness because counsel is given discretion in choosing which matters to pursue.

It should be noted that counsel's appearance on behalf of utility consumers and the public is not exclusive. The same Act which creates the office provides that nothing in the Act shall be construed to prevent any party interested in any proceeding, suit or action from appearing therein in person or by counsel. Ga. L. 1975, p. 375; (Code Ann. § 93-306a). Any member of the public has always had a right to intervene and appear in hearings before the Commission. Code Ann. §§ 93-307 and 93-307.1; Rule 14.1 and 15, General Rules of the Commission. See also Ga. L. 1975, p. 404 et seq. The statutory Consumers' Utility Counsel has no regulatory or administrative power over anyone's rights. He is a mere advocate that may appear for the benefit of utility consumers and the general public before the Commission, other administrative agencies and the courts. His advocacy does not in any way prevent any utility consumer or member of the public from appearing before these bodies in person or with employed counsel to take the same or a contrary position.

As we said in the beginning of this opinion, there is a strong presumption in favor of the constitutionality of this Act. We find no clear and palpable conflict between the Act and the fundamental law. "Absent a debilitating constitutional flaw in the Act, this court must effectuate the common will expressed in the purpose of the legislation." *Petty v. Hospital Authority,* 233 Ga. 109, 110 (210 SE2d 317) (1974).

We find that the trial court erred in finding the Act to be inoperative and void for uncertainty, and remand the case to the trial court for consideration of any other issues raised by the appellee on its counterclaim.

*Judgment reversed and remanded. Nichols, C. J., Undercofler, P. J., Jordan, Ingram and Hill, JJ., concur.*

ARGUED JANUARY 10, 1977 — DECIDED APRIL 5, 1977.

*Bryan, Ramos & Arnold, W. Wheeler Bryan,* for

appellant.

*Leamon R. Holliday, III, June Ann Kirkland, Tench C. Coxe, Robert J. Castellani, Malcolm Maclean,* for appellees.