## 66825. HARDISON v. FAYSSOUX.

DEEN, Presiding Judge.

Appellant Hardison, Commissioner of the Georgia Department of Public Safety (DPS), appeals from the judgment of the DeKalb County Superior Court in reversing the DPS decision to suspend appellee Fayssoux' driver's license pursuant to the Georgia Implied Consent Law, OCGA § 40-5-55 (Code Ann. § 68B-306).

On October 7, 1982, a DeKalb County police officer observed appellee driving in an erratic manner on a suburban street and striking a stationary vehicle. When stopped by the officer, Fayssoux emerged from his automobile with staggering gait; his eyes were glassy and his speech slurred; and a strong odor of alcohol emanated from his person. He was read his rights under OCGA §§ 40-5-55 (Code

Ann. § 68B-306) and 40-6-392 (Code Ann. § 68A-902.1) and was asked to take a breath analysis test. He initially refused but consented to do so after the officer explained the legal consequences of refusal under OCGA § 40-5-55 (c) (Code Ann. § 68B-306). At the police station to which appellee was taken, a qualified technician several times attempted, in the presence of the arresting officer, to administer the breath test, but each time appellee could not or would not blow into the apparatus. An affidavit was executed stating that appellee had refused the test, and appellee was notified by certified mail that his driver's license would be suspended for six months, effective October 7, 1982.

Appellee requested a hearing pursuant to OCGA § 40-5-55 (d) (Code Ann. § 68B-306), and a hearing was scheduled for October 21, 1982. The license suspension was stayed pending the hearing. When appellee, his attorney, and the arresting officer appeared for the hearing at the designated time and place, they were informed that the hearing officer was ill, that the hearing would be continued until a later date of which they would be notified, and that the stay of the suspension would remain in effect. At the rescheduled hearing, held December 8, 1982, Fayssoux moved for dismissal of the charges on the ground that the hearing had not been held within the 30-day time period prescribed by OCGA § 40-5-55 (d) (Code Ann. § 68B-306). No express ruling on the motion was made at the hearing, but the hearing officer stated that he would take it into consideration in arriving at a decision.

The DPS issued its decision that the license should be suspended for six months beginning December 20, and appellee requested further review. In a final decision issued January 24, 1983, DPS affirmed its initial decision. Fayssoux then appealed to the DeKalb Superior Court pursuant to OCGA § 50-13-19 (Code Ann. § 3A-120), and that court reversed the DPS decision on the ground that the hearing was not held within the required time period. Hardison then petitioned this court for discretionary review. He enumerates as error the superior court's reversal on this ground. *Held:*

OCGA § 40-5-55 (d) (Code Ann. § 68B-306) reads in pertinent part, "The person . . . notified [that his license is suspended] may request a hearing within ten days from the date of receipt of the notice . . . Within 30 days after receiving a written request for a hearing, the department *shall* hold a hearing as is provided in Chapter 13 of Title 50, the Georgia Administrative Procedure Act [Code Ann. § 3A-101 et seq.]." (Emphasis supplied.) Appellee contends that because the word "shall" is used in this section, the timing of the hearing is mandatory and the failure to hold the hearing within the 30-day period warranted dismissal of the charges under

the Implied Consent Law.

Appellee is correct in pointing out the distinction between "shall" and the permissive language "may." In *Garrison v. Perkins,* 137 Ga. 744 (74 SE 541) (1912), the Supreme Court of Georgia held, at 755, that "in its ordinary signification 'shall' is a word of command, and the context ought to be very strongly persuasive before that word is softened into a mere permission." In *O'Neal v. Spencer,* 203 Ga. 588 (47 SE2d 646) (1948), however, the Supreme Court held that, especially in the absence of injury to the defendant, a statute which directs that some act be done within a given time period, but prescribes no penalty for not doing it within that time, is not mandatory but directory; that is, that in such instances "shall" denotes simple futurity rather than a command. See also *Middleton v. Moody,* 216 Ga. 237 (115 SE2d 567) (1960). Similarly, this court held in *Collins v. Nix,* 125 Ga. App. 520, 524 (188 SE2d 235) (1972) that " 'statutes directing the mode of proceeding by public officers, designated to promote method, system uniformity, and dispatch in such proceeding, will be regarded as directory if a disregard thereof will not injure the rights of parties, and the statute does not declare what result shall follow non-compliance therewith, nor contain negative words importing a prohibition of any other mode of proceeding than that prescribed.' " *Southern Security Co. v. American Discount Co.,* 55 Ga. App. 736 (191 SE 258) (1937). Scrutiny of OCGA § 40-5-55 (d) (Code Ann. § 68B-306) reveals that this is just such a statute. OCGA § 1-3-1 (c) (Code Ann. § 102-102) provides, further, that "[a] substantial compliance with any statutory requirement, especially on the part of public officers, shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by law." *O'Neal v. Spencer,* supra; *Hart v. Columbus,* 125 Ga. App. 625 (188 SE2d 422) (1972).

In the instant case appellee suffered no prejudice to any substantive right as a consequence of the continuance of the hearing. He was given the due process mandated by the constitutions of the United States and of Georgia and by the Georgia Administrative Procedure Act, OCGA § 50-13-1 et seq. (Code Ann. § 3A-101 et seq.). "It is not intended that . . . [the Administrative Procedure Act] create or diminish any substantive rights . . . but . . . provide a procedure for administrative determination and regulation where expressly authorized by law or otherwise required by the Constitution or a statute of this state." OCGA § 50-13-1 (Code Ann. § 3A-101). Fayssoux had a hearing as prescribed by law; he was informed when he appeared for the originally scheduled hearing that it would be promptly rescheduled, and was notified by mail as to the rescheduled time; and

his driver's license was not actually suspended until more than ten weeks after the offense and was reinstated by the superior court. The record reveals that the hearing was conducted in a manner that meets the applicable standard for such proceedings and, except for the continuance, was in total compliance with relevant law. Under OCGA § 1-3-1 (c) (Code Ann. § 102-102), supra, such substantial compliance "*shall* be deemed and held sufficient, and *no* proceeding *shall be* declared void for want of such compliance . . ." (Emphasis supplied.)

Moreover, under OCGA § 50-13-19 (h) (Code Ann. § 3A-120), "[t]he court *shall* not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court *may* reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusion, or decisions are: . . . (3) made upon unlawful procedure." (Emphasis supplied.) "[W]here a statute, in permissive terms, as by the use of the word 'may,' authorizes the privation of a valuable right and the imposition of a penalty, the permissive terms are not mandatory . . ." *Prince v. Lee Roofing Co.,* 161 Ga. App. 181, 183 (288 SE2d 135) (1982); *Smith v. State Bd. of Medical Examiners,* 46 Ga. App. 456 (167 SE 769) (1933). OCGA § 50-13-13 (a) (6) (Code Ann. § 3A-114) authorizes "[t]he agency, the hearing officer, or any representative of the agency authorized to hold a hearing . . . to . . . regulate the course of the hearing [and] set the time and place for continued hearings . . ."

The rescheduling of the hearing involved no "unlawful procedure" but was within the scope of the authority conferred by OCGA § 50-13-13 (b) (Code Ann. § 3A-114), supra. When OCGA §§ 1-3-1 (c) (Code Ann. § 102-102), 50-13-13 (a) (Code Ann. § 3A-114), and 50-13-19 (h) (Code Ann. § 3A-120) are read together, it is clear that the superior court erred in reversing the DPS decision to suspend appellee's license.

*Judgment reversed. Banke and Birdsong, JJ., concur. Carley, J., disqualified.*

DECIDED OCTOBER 13, 1983.

*Michael J. Bowers, Attorney General, Robert S. Stubbs II, Executive Assistant Attorney General, Marion O. Gordon, John C. Walden, Senior Assistant Attorneys General, George M. Weaver, Victoria Soto, Staff Assistant Attorneys General,* for appellant.
*Dale T. Martin,* for appellee.