A93A0369. HANCOCK COUNTY BOARD OF TAX ASSESSORS
v. DICKENS et al.
(431 SE2d 735)

McMURRAY, Presiding Judge.

This action was initiated when the owners of several tracts of land in Hancock County appealed assessments of the standing timber on their property for 1991 ad valorem tax purposes. The landowners did not appeal separate and contemporaneous assessments of the land involved, but instead, paid the taxes on the land. The landowners complained of the taxing of the timber as a separate stratum of property and also contended that the assessments lacked uniformity and equalization for several reasons. Their appeals to the board of equalization were unsuccessful, except that the board agreed that the assessment of timber should not have been made as a separate stratum and directed the board of assessors to re-issue the tax bills with the land and timber combined. Each of the landowners then appealed to the superior court where the claims were consolidated into the case on appeal. Upon the trial of the case before the superior court and a jury, the superior court directed a verdict in favor of the landowners, finding that all of the assessments of standing timber were null and void. *Held*:

1. The superior court's grant of a directed verdict was predicated on two theories, each of which is the subject of an enumeration of error. The superior court concluded that the assessments on standing timber were invalid because assessment of such timber as a separate stratum of property was done in violation of OCGA § 48-5-33, which provided that, "[i]n the returning, appraisal, and assessment of tangible property, standing timber shall be included for all purposes as a

part of the real property upon which it is located, and such standing timber shall not constitute a separate stratum of property." This statute, which was enacted by Ga. L. 1990, p. 1901, was repealed by the 1991 legislature for subsequent years. See Ga. L. 1991, p. 1903, §§ 9 and 15.

It is clear from the colloquy at trial that the superior court recognized that the negative words in OCGA § 48-5-33, importing a prohibition of considering timber as a separate stratum of property, should be considered an expression of legislative intent that the statute be viewed as mandatory rather than merely directory. *O'Neal v. Spencer*, 203 Ga. 588 (2) (47 SE2d 646); *Collins v. Nix*, 125 Ga. App. 520, 522 (1), 524 (188 SE2d 235). Compare OCGA § 1-3-1. Also use of the verb "shall" denotes a mandatory intent on the part of the legislature. *Lang v. State*, 168 Ga. App. 693, 695 (4) (310 SE2d 276); *Hardison v. Fayssoux*, 168 Ga. App. 398, 399 (309 SE2d 397). Thus, the board of assessors was in violation of the statute when it initially assessed the timber at issue as a separate stratum of property. This error was recognized upon the appeal to the board of equalization which attempted to correct the error by ordering that the relevant tax bills be re-issued in proper form.

Nonetheless, the re-issued tax bills, which combined the assessments of land and timber into one number, continued to be predicated upon appraisals which also had been conducted in violation of OCGA § 48-5-33. The evidence as to the methodology used in determining the fair market value of the land and timber was quite detailed, and clearly shows that timber was appraised as a separate stratum of property. Indeed, while the assessments of land and timber were combined on the revised tax bills, they continued to be listed separately in the county tax digest.

It follows that the assessments of timber having been reached in a manner inconsistent with the mandatory provisions of OCGA § 48-5-33, the superior court did not err in determining that said assessments were null and void, and in directing a verdict that they be stricken from the county tax digest. In view of this holding, we do not reach the enumeration of error directed to the alternative basis for the grant of the directed verdict.

2. The remaining enumeration of error complains of that portion of the judgment which directs that the landowners recover court costs. However, from the argument presented, it is clear that this enumeration of error is predicated on the failure to recognize the distinction between court costs, and expenses of litigation or attorney fees which were not awarded. See *Lawhorne v. Soltis*, 259 Ga. 502, 503 (2), 504 (384 SE2d 662). Generally, the award of court costs to the prevailing parties is not error. OCGA § 9-11-54 (d). In the case sub judice, the award of court costs was not error for any of the reasons

argued.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED MAY 26, 1993.

*Roosevelt Warren, Clifton Boone*, for appellant.
*Gordon L. Dickens, Jr.*, for appellees.