A94A0429. COLLINS v. BIRCHFIELD et al.
(447 SE2d 38)

ANDREWS, Judge.

We granted the discretionary application of the State Revenue Commissioner, Collins, arising out of the following facts. In September 1990, Birchfield & Birchfield, Inc. were involved in the illegal manufacture of methamphetamine. Birchfield was arrested and found guilty in federal court of possessing, knowingly manufacturing, and conspiring to knowingly manufacture methamphetamine.

The revenue commissioner subsequently imposed three separate jeopardy assessments pursuant to OCGA § 48-2-51 against Birchfield and his company. Those assessments were a $2,833,000 marijuana and controlled substances excise tax, imposed on October 10, 1990; a $100,000 marijuana and controlled substances excise tax imposed on September 26, 1990; and a $54,000 sales and use tax, imposed on September 28, 1990. See also OCGA § 48-15-1 (the Excise Tax on Marijuana and Controlled Substances) and OCGA § 48-8-1 (Sales and Use Taxes).

Pursuant to OCGA § 50-13-12, Birchfield appealed the assessments within 30 days. A return receipt contained in the record shows that Birchfield's hearing demand was received by the revenue department on October 24, 1990.

Following receipt of the appeal, on December 12, 1990, a revenue hearing officer advised Birchfield that a pre-hearing conference would be scheduled in 90 days. The hearing officer's letter stated that

"should you wish to have the hearing of this appeal scheduled immediately, please let me know as soon as possible." Birchfield did not make such a request. On January 18, 1991, he filed a motion to dismiss the assessments, since no administrative hearing had been held within 30 days of his demand.

On June 14, 1991, the administrative hearing was held. On April 10, 1992, the revenue hearing officer denied the appeal and affirmed the assessments. On May 8, 1992, Birchfield appealed to the superior court pursuant to OCGA § 50-13-19.

On August 6, 1993, the superior court held that the failure to hold the administrative hearing within 30 days of Birchfield's demand required that the department's tax assessments be dismissed and that the property seized by the department be returned. We granted the commissioner's discretionary application with respect to this decision.

Collins argues that the superior court erred in dismissing the assessments, since the agency finding must be upheld unless clearly erroneous. OCGA § 50-13-19 (h) provides that a court may reverse or modify an agency decision if substantial rights of the appellant have been prejudiced because the administrative decision was made upon unlawful procedure.

Substantively, Collins argues that the provisions of OCGA § 50-13-12 (b) are directory and not mandatory. OCGA § 50-13-12 (b) provides that an aggrieved taxpayer shall file his demand for a hearing within 30 days after the act causing the injury, and that "unless postponed by mutual consent, the hearing shall be held within 30 days after receipt by the Department of Revenue of the demand therefor." Collins cites *O'Neal v. Spencer*, 203 Ga. 588 (47 SE2d 646) (1948), for the proposition that " '[w]here a statute directs the doing of a thing in a certain time, without any negative words restraining the doing of it afterwards, generally the provision as to time is directory, and not a limitation of authority; and in such case, where no injury appears to have resulted, the fact that the act was performed after the time limited will not render it invalid.' " See also *Hopping v. Cobb County Fair Assn.*, 222 Ga. 704, 706 (2) (152 SE2d 356) (1966); *McLendon v. Everett*, 205 Ga. 713 (2) (55 SE2d 119) (1949); compare *Hancock County Bd. of Tax Assessors v. Dickens*, 208 Ga. App. 742 (1) (431 SE2d 735) (1993).

Birchfield argues that the trial court's reversal was proper since the agency decision was based upon unlawful procedure. In support of his position, he cites *Henderson v. State*, 205 Ga. App. 542 (422 SE2d 666) (1992), aff'd 263 Ga. 508 (436 SE2d 209) (1993); and *Alford v. State*, 208 Ga. App. 595 (4) (431 SE2d 393) (1993), which interpreted the hearing time limits in the drug forfeiture statute, OCGA § 16-13-49 (o) (5), as mandatory. He argues that the drug forfeiture and jeopardy assessment statutes at issue here are similar and warrant the

same treatment. He also cites OCGA § 48-2-45, which provides that if no written protest is filed by the taxpayer with the commissioner within 30 days of the date of the notice of assessment, the tax shall become final, as further support for his position.

It is necessary to first distinguish the tax statute at issue here from the drug forfeiture statute. The assessments here were levied as part of the Georgia Public Revenue Code (OCGA § 48-15-1 et seq.). OCGA § 48-15-9 provides that the administration of the drug excise tax should be governed by the general laws governing the administration of taxes. These provisions are separate from the criminal forfeiture provisions of OCGA § 16-13-49. The distinction between these statutes is illustrated by OCGA § 48-15-10 (a) which provides that information contained in drug tax returns may not be revealed to others, nor may such information be used against the person in any criminal proceeding. The hearing procedures in *Henderson* and *Alford* are specifically those required for property forfeitures and require that the hearing *must* be held within 60 days unless continued for good cause.

Regardless of the drug forfeiture statute, the issue here is whether the revenue department was required to hold the hearing on Birchfield's request within 30 days. *Hardison v. Fayssoux*, 168 Ga. App. 398 (309 SE2d 397) (1983) is instructive to our inquiry. In *Hardison*, the statute at issue was OCGA § 40-5-55, which provides that a person who is notified that his driver's license is to be suspended may request a hearing and within 30 days after receiving a written request for a hearing, the department *shall* hold a hearing as provided in Chapter 13 of Title 50, the Georgia Administrative Procedure Act. The hearing in *Hardison* had been rescheduled and fell outside of the 30-day period. Fayssoux contended that because the word "shall" was used in the section, the timing of the hearing was mandatory and that the failure to hold the hearing within the 30-day period warranted dismissal of the charges.

The *Hardison* court recognized that in its " 'ordinary significa- tion "shall" is a word of command, and the context ought to be very strongly persuasive before that word is softened into mere permis- sion.' " Id. at 400; see, e.g., *Ring v. Williams*, 192 Ga. App. 329 (2) (384 SE2d 914) (1989); OCGA § 1-3-3 (10). Nonetheless, the court noted that in the absence of injury to the defendant and in the ab- sence of a penalty for failure to comply with the statute, " 'shall' de- notes simple futurity rather than a command." *Hardison* at 400. The *Hardison* court then cited OCGA § 1-3-1 (c) which provides that "substantial compliance with any statutory requirement, especially on the part of public officers, shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by law." Accordingly, the court held that the

superior court erred in reversing the Department of Public Safety's decision to suspend appellee's license. Compare *Sanchez v. Walker County Dept. of Family &c. Svcs.*, 237 Ga. 406 (229 SE2d 66) (1976).

Given the circumstances of this case, we find no error in the failure to hold the hearing within 30 days. There has been no harm shown by the delay and the statute contains no provision regarding the failure to hold the hearing within this time period. Accordingly, we conclude that the statute's provision is directive and not mandatory. The superior court's reversal of the agency's decision on this basis was erroneous. We reverse and remand for determination of the issues which the superior court failed to address below. We will not address Birchfield's various arguments regarding the constitutionality of the assessment statute.

*Judgment reversed and case remanded. Johnson, J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

I agree that the taxpayers are not entitled to dismissal of the assessments and return of the seized property, but for a different reason.

The jeopardy assessments and demands for immediate payment of the marijuana and controlled substance excise taxes imposed under OCGA § 48-15-3 and the state and local sales/use taxes were under the authority of OCGA § 48-2-51, as expressly stated in the notices. The notices advised at the bottom of each that if the taxpayers desired to appeal, they should refer to the reverse side of the notices. The reverse sides are not in the record and were not filed in the court below, so we do not know what instructions, if any, were given to the taxpayers by the Department of Revenue.

In any event, taxpayer Birchfield filed a letter, within 30 days of the assessments and demands, "to appeal" the taxes on various grounds. The letter referred to "this appeal" but cited no statute as authority for it. However, in the motion of Birchfield and the corporation to dismiss the tax executions and assessments, they refer to OCGA § 48-2-45 for the procedure they had invoked. That section acknowledged the opportunity for a "written protest" within 30 days; it has since been amended to substitute the word "appeal" for "protest." Ga. L. 1993, p. 961.

When a taxpayer contests the assessment by a protest or appeal, the authority for which is actually OCGA § 48-2-46, the procedure is governed by that Code section and OCGA § 48-2-47. OCGA § 48-2-46 provides that "In the event the taxpayer desires a conference or hearing, the fact of such desire must be set out in the protest." The letter of taxpayer Birchfield's attorney alludes to such only indirectly by stating that "[w]e will show by testimonial evidence, the facts

upon which our position is based." The department apparently took that as sufficient, as it set a hearing. According to the statute, the conference or hearing is to be "at a time [the commissioner] shall specify," and shall be conducted under reasonable rules. The commissioner's discretion in this procedure "shall be reasonably exercised on all occasions," concludes this Code section. By his deputy, he notified the taxpayers' attorney that the APA would be followed for the purpose of the hearing, thus choosing it instead of a separate set of rules for the conduct of the hearing. OCGA § 50-13-13 sets out the rules for hearing contested cases.

OCGA § 48-2-46 is the procedure which the taxpayer invoked and which was followed in this case. Although the motion to dismiss, and the appeal as it has wended its way here, claim a violation of OCGA § 50-13-12, that procedure was never properly invoked. OCGA § 50-13-12 (a) requires the Department to hold a hearing in accordance with the scheme set out therein "upon written demand" for a hearing by the taxpayer. Subsection (b) sets this mechanism into motion, which mechanism was adopted as part of the Administrative Procedure Act especially and exclusively for the Department of Revenue, when the taxpayer files a timely "demand for a hearing." The taxpayers did not do that in this case, by their own admission. They (to the extent the letter of protest represented both the taxpayers involved here) chose the route provided by OCGA §§ 48-2-45; 48-2-46; and 48-2-47, rather than by OCGA § 50-13-12.

It is noted that subsection (d) of OCGA § 50-13-12 acknowledges that there are other avenues for pursuing taxpayer remedies. Also, it provides for judicial review under OCGA § 50-13-19 after the administrative procedure provided in OCGA § 50-13-12 is exhausted, just as the same judicial review is available to the aggrieved taxpayer after the final assessment is determined under OCGA § 48-2-47. Subsection (a) of OCGA § 50-13-19 embraces "all administrative remedies."

Appellees did not show that the time of the hearing provided by the department in accordance with OCGA § 48-2-46 violated their rights under it, and since timeliness of the hearing was the sole basis for the court's ruling below, I agree that it must be reversed.

I do not reach the question of whether the time period for a hearing which is set out in OCGA § 50-13-12 (b) is directory or mandatory.

DECIDED MAY 19, 1994 —
RECONSIDERATION DENIED JULY 27, 1994.

*Michael J. Bowers, Attorney General, Daniel M. Formby, Senior Assistant Attorney General, Harold D. Melton, Assistant Attorney General,* for appellant.

*David S. Lipscomb*, for appellees.