A95A1185, A95A1186. COMMISSIONER OF INSURANCE
v. STRYKER; and vice versa.
(463 SE2d 163)

JOHNSON, Judge.

After investigating certain business practices of Guy Stryker, an insurance agent, the Commissioner of Insurance issued an order revoking Stryker's license to transact insurance business in the State of Georgia. The revocation was to become effective the following month unless Stryker requested a hearing, which he did. An administrative hearing officer heard evidence and found that Stryker violated several provisions of the Georgia Insurance Code, namely: OCGA §§ 33-23-21 (4), (5), and (11) and 33-23-35 (b). OCGA § 33-23-21 (4), (5), and (11) provide that a license may be revoked if the license holder has misappropriated, converted to his own use, or illegally withheld money belonging to an insured; has committed fraudulent or dishonest prac-

tices; or has shown a lack of trustworthiness or competence to act as a licensee. OCGA § 33-23-35 (b) provides that return premiums due the insured shall be accounted for, shall not be commingled with the licensee's personal funds, and shall be promptly accounted for and paid to the insured. The hearing officer recommended that the Commissioner issue Stryker a probationary license for 12 months and further recommended that if Stryker failed to execute a probation agreement within 30 days, that his agent's license be revoked. The Commissioner adopted the hearing officer's recommendations. Stryker did not execute the probation agreement but instead appealed to superior court, where the case was heard by a part-time magistrate sitting by designation as a superior court judge. The Commissioner's decision was reversed. We granted the Commissioner's application for discretionary review. The Commissioner appeals in Case No. A95A1185. Stryker appeals in Case No. A95A1186.

### Case No. A95A1185

1. The Commissioner argues that the superior court failed to apply the proper standard in reviewing the administrative decision. We agree and reverse the superior court's judgment.

"Judicial review of an administrative decision shall be conducted by the court without a jury and shall be confined to the record. OCGA § 50-13-19 (g). The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. OCGA § 50-13-19 (h). . . . The clearly erroneous standard of review to be applied by the superior court prevents a de novo determination of evidentiary questions leaving only a determination of whether the facts found by the ALJ are supported by any evidence. [Cit.]" (Punctuation omitted.) *Sawyer v. Reheis*, 213 Ga. App. 727, 728-729 (1) (445 SE2d 837) (1994). As discussed below, it is clear that the superior court made a de novo determination of evidentiary questions and substituted its own judgment for that of the agency.

2. The administrative agency's determination that Stryker failed to promptly refund his clients' money was supported by the record. At the hearing, three of Stryker's clients testified that they applied for insurance through him, paid him premiums, and then when their applications were rejected by the insurer or when the client cancelled within a free trial period, they encountered long delays before receiving refunds. The clients added that Stryker refused to return their phone calls and missed appointments with them and that they received no relief until they contacted the insurers directly and the Commissioner. The evidence showed that Stryker already received his clients' refund checks from the insurer, but that he deposited the money into his business account and used it to pay operating ex-

penses. He waited between 48 and 57 days after depositing the checks before sending the clients their refunds. An expert witness testifying on Stryker's behalf stated that, in his opinion, a "prompt" refund was one made within 30 days and that 30 days is "pushing the limit" as to what is considered prompt. In her decision, the hearing officer acknowledged that "there is no bright line standard" as to what constitutes promptness in refunding payments as required by OCGA § 33-23-35 (b). However, the hearing officer, expressly referencing the testimony of Stryker's own expert witness, found that 30 days was "at the outside limit of what is considered prompt" and that, based on industry standards, the premium refunds issued by Stryker were not promptly made. There being evidence that the refunds were not prompt, the superior court erred in reversing the Commissioner's judgment on that issue.

3. Similarly, the administrative agency's finding that Stryker violated OCGA § 33-23-21 (4) by misappropriating or illegally withholding money belonging to an insured was supported by evidence of record. As discussed in Division 2, testimony established that Stryker withheld return premiums sent by the insurer and then delayed payment to clients in order to pay his office expenses. This finding should have also been upheld.

4. The administrative agency's determination that Stryker committed fraudulent or dishonest practices in violation of OCGA § 33-23-21 (5) is also supported in the record. Stryker's use of client funds to pay office expenses, failure to inform clients of the status of their refunds, and failure to return clients' calls or attend meetings with them as scheduled support the finding that Stryker acted dishonestly or fraudulently.

5. Finally, the Commissioner's finding that Stryker exhibited a lack of trustworthiness or competence in violation of OCGA § 33-23-21 (11) is supported by testimony that he was not diligent in servicing his clients' policies or in submitting their applications to the insurer, that he failed to respond to requests for information from the insurer, and that he failed to account for his clients' money. This finding should have been upheld by the superior court as well.

"The interpretation of a statute by an administrative agency which has the duty of enforcing or administering it is to be given great weight and deference." (Citations omitted.) *Hosp. Auth. of Gwinnett County v. State Health Planning Agency*, 211 Ga. App. 407, 408 (2) (438 SE2d 912) (1993). It is clear that the superior court judge failed to give the Commissioner's interpretation of the statutes the deference to which it was entitled. Compare *Butts County v. Pine Ridge Recycling*, 213 Ga. App. 510, 512 (1) (445 SE2d 294) (1994).

## Case No. A95A1186

6. In his cross-appeal, Stryker challenges the constitutionality of OCGA §§ 33-23-21 (11) and 33-23-35 (b). This Court is not authorized to consider these arguments because jurisdiction over challenges to the constitutionality of statutes is within the exclusive jurisdiction of the Supreme Court. Ga. Const. 1983, Art. VI, Sec. VI, Par. II (1). We decline to transfer the appeal to the Supreme Court, however, because the Supreme Court is not required to pass upon the constitutionality of a statute unless it clearly appears in the record that the point was distinctly passed upon by the trial court. *Raskin v. Wallace*, 215 Ga. App. 603, 604 (1) (451 SE2d 485) (1994). The superior court judge expressly declined to rule upon the constitutionality of OCGA § 33-23-21 (11), leaving nothing for the Supreme Court to review on that issue. Assuming, without deciding, that the superior court's finding as to OCGA § 33-23-35 (b) amounts to a ruling on the constitutionality of that subsection, we still find it unnecessary to transfer the appeal. The question of whether OCGA § 33-23-35 (b) is valid is immaterial because, as discussed above, the record supported the Commissioner's findings that Stryker violated two other Code subsections as well (OCGA § 33-23-21 (4) and (5)), the constitutionality of which Stryker does not challenge. Inasmuch as OCGA § 33-23-21 provides that a violation of any one of the subsections authorizes a revocation of an agent's license, a holding that two of the subsections are invalid would not change the outcome.

7. Stryker's contention that his right against self-incrimination was violated when he was compelled to testify at the administrative hearing is without merit. As part of an investigation or hearing, the Commissioner has the power to examine any individual under oath. OCGA § 33-2-16 (a). In any event, Stryker stated before he took the stand that he reserved his right to invoke his privilege against self-incrimination with respect to particular questions. Our review of the record reveals no instance where Stryker asserted his right against self-incrimination but was compelled to answer. We find no error.

8. Stryker claims that the superior court erred in holding that the Commissioner was authorized to enter an order revoking his license more than 30 days after the hearing, when OCGA § 33-2-23 (a) requires it be done in 30 days. However, Stryker cannot show that he was injured by the court's ruling because despite the court having found that the order was issued timely, it reversed the Commissioner's order. Furthermore, the language of OCGA § 33-2-23 (a), that the Commissioner "shall" issue an order within 30 days after the hearing is, in the context of this statute, not mandatory but directory. In its ordinary significance, "shall" is a word of command; however, in the absence of injury to the defendant and in the absence of a penalty

for failure to comply with the statute, "shall" denotes simple futurity rather than a command. *Hardison v. Fayssoux*, 168 Ga. App. 398, 400 (309 SE2d 397) (1983). Because Stryker has not shown harm by the delay and the statute does not provide for a penalty where the order is not issued within this time period, we conclude that the 30-day provision is not mandatory. See *Collins v. Birchfield*, 214 Ga. App. 144, 146-147 (447 SE2d 38) (1994). Therefore, this enumeration is without merit.

*Judgment reversed in Case No. A95A1185. Judgment affirmed in Case No. A95A1186. Birdsong, P. J., and Smith, J., concur.*

Decided October 12, 1995 — 

*Michael J. Bowers, Attorney General, Dennis R. Dunn, Senior Assistant Attorney General, William W. Calhoun, Assistant Attorney General*, for appellant.
*Michael L. Wetzel*, for appellee.