A08A0799. GREENE v. DEPARTMENT OF COMMUNITY HEALTH.
(666 SE2d 590)

BLACKBURN, Presiding Judge.

In this discretionary appeal, Anthony Greene appeals an order of the Superior Court of Fulton County affirming a final administrative decision by the Georgia Department of Community Health that terminated his medical assistance under a Medicaid waiver program available to qualifying children.

Greene contends that the Department erred in its Final Administrative Decision, Findings of Fact and Conclusions of Law, in holding that "[f]urthermore, in cases under the Administrative Procedure Act, the findings of fact of the ALJ must be upheld unless they are not supported by 'any evidence.' *Commr. of Ins. v. Stryker*, 218 Ga. App. 716 [(463 SE2d 163)] (1995)." Greene further contends that the superior court erred in affirming this holding. Because *Stryker* is a judicial standard of review, to be applied by a superior court reviewing a final agency determination, it has no application to an internal agency appeal. We therefore vacate the superior court's holding, and remand this case for review by the Department under a proper standard of review pursuant to OCGA § 49-4-153 (b) (1).

It is error for the superior court to affirm the final determination of the Department based upon the use of an inapplicable standard of review by the Department as it did in the instant case.

The record shows that in August 2005, following an annual audit, the Department terminated Greene's medical benefit under a Medicaid waiver program which provides, among other things, in-home assistance for certain mentally handicapped children under

---

[27] *Flanigan v. State*, 238 Ga. App. 296 (1) (517 SE2d 569) (1999).

the age of 19. Greene challenged the termination, and an evidentiary hearing was held before an ALJ, who affirmed the termination of Greene's benefits based on a factual finding that the child's primary diagnosis was psychiatric rather than developmental in nature.

Greene sought an administrative remedy under OCGA § 49-4-153 (b) (1), which authorizes an aggrieved recipient of medical assistance to obtain the Commissioner's review of a recommended decision by an ALJ. That Code section provides, in relevant part:

> [A]ny recipient of medical assistance aggrieved by the action or inaction of the Department of Community Health . . . shall be entitled to a hearing upon his or her request for such in writing and in accordance with the applicable rules and regulations of the department and the Office of State Administrative Hearings. As a result of the written request for hearing, a written recommendation shall be rendered in writing by the administrative law judge assigned to hear the matter. *Should a decision be adverse to a party and should a party desire to appeal that decision, the party must file a request in writing to the commissioner or the commissioner's designated representative within 30 days of his or her receipt of the hearing decision. The commissioner, or the commissioner's designated representative, has 30 days from the receipt of the request for appeal to affirm, modify, or reverse the decision appealed from. A final decision or order adverse to a party, other than the agency, in a contested case shall be in writing or stated in the record. A final decision shall include findings of fact and conclusions of law, separately stated, and the effective date of the decision or order. Findings of fact shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings.* . . . If the commissioner fails to issue a decision, the initial recommended decision shall become the final administrative decision of the commissioner.

(Emphasis supplied.)

As correctly noted by both parties, the Code section does not provide for a standard of review applicable to the Commissioner's review of the findings of fact in the ALJ's initial recommendation.[1] Instead, the Code section simply outlines a review process by which

---

[1] Although Georgia's Administrative Procedure Act does not control here, we note that the statutory provision here very closely tracks the analogous APA provision, found at OCGA § 50-13-17 (b).

the Commissioner can affirm, modify, or reverse the ALJ's recommendation.

After review, the Commissioner adopted the findings of fact of the ALJ. The Commissioner addressed Greene's specific arguments by explicitly noting the underlying evidence in the record supporting the ALJ's decision and citing two cases: *Atkinson v. Ledbetter*[2] (to support the proposition that the Commissioner could not make independent determinations of credibility of witnesses, because she did not preside at the initial hearing) and *Commr. of Ins. v. Stryker*, supra, 218 Ga. App. at 717 (1) (to support the proposition that findings of fact of an ALJ must be upheld unless they are not supported by "any evidence").

Greene asserts that the Commissioner erred by applying *Stryker* to an internal agency review. Clearly, *Stryker* applies only to a superior court's review of an agency's decision and not to an agency's review of an ALJ's recommendation. The Commissioner's review was not controlled by *Stryker*.

In this context, when an aggrieved party requests a hearing before an ALJ, the ALJ is a representative of the Department and, according to the statute, renders "a written recommendation" to the Commissioner based on an application of the Department's substantive criteria to the party's grievance. OCGA § 49-4-153 (b) (1). The ALJ's role is to make a recommendation, and if the aggrieved party challenges the recommendation, it is then up to the Commissioner to either allow the recommendation to become the Department's final decision (by taking no action), or to "affirm, modify, or reverse the decision appealed from." Id. Thus, by this process, it is the Department that makes the ultimate decision as to how to resolve the aggrieved party's claim.

When such a decision is adverse to the aggrieved party, the statute requires that the decision

> be in writing or stated in the record. A final decision shall include findings of fact and conclusions of law, separately stated, and the effective date of the decision or order. Findings of fact shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings.

OCGA § 49-4-153 (b) (1). In light of this statutory scheme, it is clear that the Department itself makes the ultimate decision on the merits of an aggrieved party's claim. In doing so, the Department is

---

[2] *Atkinson v. Ledbetter*, 183 Ga. App. 739, 741 (2) (d) (360 SE2d 66) (1987).

constrained only by the governing statute (here OCGA § 49-4-153 (b)(1)) and principles of due process. See *Bd. of Regents of State Colleges v. Roth*[3] ("a person receiving welfare benefits under statutory and administrative standards defining eligibility for them has an interest in continued receipt of those benefits that is safeguarded by procedural due process") (citing *Goldberg v. Kelly*[4]). Here, the statute imposes certain requirements on the Department's final decision (e.g., it must be in writing and supported by findings of fact and conclusions of law), but it does not constrain the Department as to how it must consider the findings of fact in the ALJ's recommendation. Accordingly, the Department was entitled, upon its review of the record, to adopt the ALJ's factual findings and defer to such findings based on supporting evidence in the record. While the Department is free to rule for a claimant because it is statutorily authorized to do so, it is not free to rule against a claimant as a result of misapplying a judicial standard of review that does not apply to an internal agency review. Thus, we cannot affirm the superior court's ruling, because we cannot say that the inappropriate use of the *Stryker* standard of review was harmless as a matter of law. We therefore vacate the Department's ruling and remand the case to the Department for its consideration under a proper standard of review. See, e.g., *Pruitt Corp. v. Ga. Dept. of Community Health*[5] (vacating and remanding case where lower court applied incorrect legal standard).

Nothing in this opinion is intended to indicate how the agency should rule in this matter after a review of the evidence of record and the application of a proper standard of review. In the context of judicial review of an administrative decision, "[n]either this Court nor the superior court is authorized to substitute its judgment as to weight and credibility of witnesses." (Punctuation omitted.) *Glass v. City of Atlanta.*[6] See *Pitts v. City of Rome*[7] (an appellate body "is not authorized to substitute its judgment as to weight and credibility of witnesses"); *Ga. State Indemnification Comm. v. Lyons*[8] (appellate court not authorized to substitute its "judgment for that of the [agency] as to the weight of the evidence on questions of fact") (punctuation omitted); *Sawyer v. Reheis*[9] ("[t]he court shall not

---

[3] *Bd. of Regents of State Colleges v. Roth*, 408 U. S. 564, 576 (III) (92 SC 2701, 33 LE2d 548) (1972).

[4] *Goldberg v. Kelly*, 397 U. S. 254 (90 SC 1011, 25 LE2d 287) (1970).

[5] *Pruitt Corp. v. Ga. Dept. of Community Health*, 284 Ga. 158, 160-161 (3) (664 SE2d 223) (2008).

[6] *Glass v. City of Atlanta*, 293 Ga. App. 11, 14 (1) (666 SE2d 406) (2008).

[7] *Pitts v. City of Rome*, 256 Ga. App. 278 (1) (568 SE2d 167) (2002).

[8] *Ga. State Indemnification Comm. v. Lyons*, 256 Ga. 311, 312 (348 SE2d 642) (1986).

[9] *Sawyer v. Reheis*, 213 Ga. App. 727, 728 (1) (445 SE2d 837) (1994).

substitute its judgment for that of the agency as to the weight of the evidence on questions of fact") (punctuation omitted). Our Supreme Court has held that this "Court is without authority to substitute itself as a factfinding body. . . ." *Ray Bell Constr. Co. v. King*.[10] See *Ga. Dept. of Community Health v. Freels*.[11]

The judicial review process is prescribed by the legislature in OCGA § 49-4-153 (c), which applies here and states that "[j]udicial review of the commissioner's decision may be obtained in the same manner and under the same standards as are applicable to those contested cases which are reviewable pursuant to Code Section 50-13-19" of the APA. With respect to evidentiary questions, our Supreme Court has held that Code section 50-13-19 prevents an appellate court from making "a de novo determination of the evidentiary questions. . . ." (Punctuation omitted.) *Pruitt Corp. v. Ga. Dept. of Community Health*, supra, 284 Ga. at 160 (3). As we have held in similar contexts, "it is not the function of either the superior court or this [C]ourt to weigh the evidence." *Bennett-Murray, Inc. v. Barnes*.[12]

The following factual conclusions are stated in the ALJ's order:

> A primary requirement of the [Medicaid] program is the requirement that the child be determined to be chronically impaired to the extent of being a suitable candidate for . . . an intermediate care facility for the mentally retarded. A review of Petitioner's medical records shows a child who is developmentally delayed, but still functioning in the low average range of intellectual ability. . . . According to the evidence in this case Petitioner would not be a suitable candidate for a facility for the mentally retarded. . . . [Greene's own] expert witness in child psychiatry stated that if Petitioner's condition were to currently regress to a crisis point . . . he would be hospitalized in a psychiatric unit [as opposed to a facility for the developmentally delayed] to stabilize his symptoms.

With respect to the proper standard of review at issue here, the procedures for the Commissioner's review, and the authority of an aggrieved party to seek review under those procedures, are creatures of statute, and, as such, the Commission's review is only as broad or

---

[10] *Ray Bell Constr. Co. v. King*, 281 Ga. 853, 854 (642 SE2d 841) (2007).
[11] *Ga. Dept. of Community Health v. Freels*, 258 Ga. App. 446, 452 (2) (576 SE2d 2) (2002).
[12] *Bennett-Murray, Inc. v. Barnes*, 222 Ga. App. 137, 139 (1) (473 SE2d 166) (1996).

as narrow as the statute prescribes. Cf. *MARTA v. Reid*[13] (noting that "[t]he State Board of Workers' Compensation is an administrative commission, with such jurisdiction, powers, and authority as may be conferred upon it by the General Assembly. The Board is a creature of the statute, and has no inherent powers and no lawful right to act except as directed by the statute"). Accordingly, this Court has no authority to dictate the manner or standard of the Department's review as long as it acts within its statutory authority. Specifying such authority is solely within the province of the legislature, if it chooses to do so, but not this Court.

Here, following the internal appeal, Greene next petitioned the superior court for judicial review of the Department's final decision, as authorized by OCGA § 49-4-153 (c), which provides for judicial review consistent with the procedures set forth in OCGA § 50-13-19 (Administrative Procedure Act). Following a hearing, the superior court affirmed the Department's final decision based on the court's review of the record.

We then granted Greene's application for discretionary review to address his contention that the superior court erred in affirming the final administrative decision and holding by the Commissioner that the finding of fact by the ALJ must be upheld on review by the Department under *Commr. of Ins. v. Stryker*, supra, 218 Ga. App. at 716.

Greene asserts that the correct standard of review should be a preponderance of the evidence and improperly relies on a case applying the Workers' Compensation statute (OCGA § 34-9-103 (a)) which statute does not apply to the Commissioner of the Department of Community Health. Other administrative statutes containing different standards of review for the applicable agency similarly would not control here. See, e.g., former OCGA § 31-6-44 (h) (2) (applying the "substantial evidence" standard of review to the Health Planning Review Board in the certificate of need context).[14] The Department of Community Health, a creature of statute, must have some legal basis for its authority.

The fact that other statutes applicable to other administrative bodies acting in different contexts do contain specific standards of review does not change the result here. See, e.g., OCGA § 34-9-103 (a) (requiring the appellate division of the Workers' Compensation Board to affirm an ALJ's findings of fact where they are supported by a preponderance of the competent and credible evidence); *Emory*

---

[13] *MARTA v. Reid*, 282 Ga. App. 877, 883 (3) (640 SE2d 300) (2006).
[14] *Emory Univ. v. Levitas*, 260 Ga. 894, 897 (1) (401 SE2d 691) (1991).

*Univ. v. Levitas*[15] (interpreting "substantial evidence" standard in OCGA § 50-13-19 (h) (5) as equivalent to "any evidence" standard). Here, as in the APA, the legislature has chosen not to specify a particular standard of internal review of an initial recommendation by the Department, and given the separation of powers, this Court has no authority to do so.

For the above reasons, we vacate the ruling of the superior court and remand the case to the Department for consideration consistent with OCGA § 49-4-153 (b) (1).

*Judgment vacated and case remanded with direction. Miller and Ellington, JJ., concur.*

DECIDED AUGUST 1, 2008.

*Sutherland, Asbill & Brennan, Kimberly D. Lerman, Charles T. Lester, Jr.,* for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Michelle Townes, Assistant Attorney General, Victoria W. Wuesthoff, Claudette V. Bazile,* for appellee.

*Adam M. Hames, Bradley W. Pratt, David A. Webster, Charles R. Bliss,* amici curiae.

---

[15] We note that the Workers' Compensation Board acts in a different context, adjudicating disputes between two private parties, as opposed to reviewing an aggrieved party's dispute with the agency itself.